No. 26,787.

N. J. Wollard, as Administrator of the Estate of Ethan L. Zane, Deceased, *Appellee*, v. The Home State Bank (Ida Conley, *Appellant*).

SYLLABUS BY THE COURT.

Insane Persons—*Disabilities—Capacity to Dispose of Certificate of Deposit.* The proceedings considered, and *held*, a finding that the payee in possession of a certificate of deposit of money in a bank lacked mental capacity to dispose of it by a transaction urged as effecting transfer title, was sustained by evidence. *Held further,* the proceedings were free from error prejudicially affecting the substantial rights of the person claiming ownership of the certificate by virtue of the transaction.

Appeal from Wyandotte district court, division No. 3; William H. McCamish, judge. Opinion filed July 10, 1926. Affirmed.

L. B. Conley, of Kansas City, for the appellant.

E. E. Martin and H. E. Dean, both of Kansas City, for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one by the administrator of the estate of Ethan Zane to recover on a certificate of deposit issued by the bank to Zane in his lifetime. The certificate, duly indorsed, was in possession of Ida Conley. On application of the bank she was made a party to the action. She answered, claiming ownership of the certificate. The administrator recovered, and the claimant appeals.

Appeal and Error, 4 C. J. p. 969 n. 56. Contracts, 13 C. J. p. 778 n. 17. Courts, 15 C. J. p. 974 n. 97. Judgments, 34 C. J. p. 1057 n. 71. New Trial, 29 Cyc. p. 874 n. 22. Wills, 40 Cyc. p. 1101 n. 92.

Circumstances out of which the litigation arose are stated in the opinion in the case of *Nestlerode v. Commercial Nat'l Bank,* just decided, *ante* p. 399, and need not be recited here. When interpleaded, Ida Conley, who will be called the defendant, answered that on March 7, 1924, the day following Zane's removal from the home of his niece, Mrs. Harmon, to his own home, Zane delivered to her two certificates of deposit, one for $500, issued by the People's National Bank, and the certificate in controversy for $2,000, issued by the Home State Bank. The certificates were indorsed when she received them. The consideration for the transfer was previous rendition by defendant of kindly services to Zane, and agreement on her part to keep house for him and nurse and care for him as long as he should live.

Defendant was one of those who had taken an interest in Zane's comfort and welfare during his decline, and from March 6 until his death on March 26, she took care of him day and night. Witnesses testified that after March 7, Zane confirmed to them delivery of the two certificates to defendant, under the arrangement with her which has been described. In an action against the People's National Bank, defendant vindicated her right to the $500 certificate, and the bank did not appeal. In the present action, defendant's claim to the $2,000 certificate was resisted, on the ground, among others, that Zane was mentally incompetent. By general verdict and by special findings of fact, the jury determined that on March 7 Zane did not possess mental capacity to know what property he had, to understand and weigh claims upon him with respect to disposition of his property, to compare the value of services and property, or to understand the consequences of his conduct. The evidence was conflicting. The verdict and findings were supported by sufficient competent evidence, and this court must accept them as conclusive of the controversy respecting Zane's capacity to divest himself of his property.

The administrator alleged, but failed to prove, that Emma W. Zane was Ethan Zane's sole heir. The allegation was superfluous, and the administrator was not obliged to prove it. It was his business to collect the assets of the estate of the deceased. The probate court will properly distribute them.

Defendant asserts the administrator could have no interest in the certificate because it was duly indorsed and delivered by the payee to defendant, for a valuable consideration, in the payee's lifetime. If Zane was mentally incompetent, the delivery was not a binding

delivery, and it was the administrator's duty to restore the certificate to a place among Zane's effects.

Defendant offered in evidence the proceedings in the case against the People's National Bank, and the court refused to admit them. *Res judicata* was not pleaded, and without a pleading that some pertinent matter was in issue and was finally determined between the same parties in the former litigation, the papers in the first action were not admissible in evidence at the trial of the second.

Defendant offered in evidence what purported to be an unsigned will of Ethan Zane, dated December 13, 1920. The purpose of the offer was to show Zane's friendly and considerate attitude toward defendant, and the will did give Zane's house and lots to his brother Alonzo and the defendant for a home, and gave defendant a sum of money. The error in rejecting the evidence, if error was committed, was not prejudicial. Defendant was not denied relief because she was not worthy of Zane's bounty, but because he lacked capacity to dispense bounty. It is further contended the will showed the certificate was intended for the testator's brother Alonzo, and was not intended to be, and was not, a part of Ethan Zane's estate. Of course the will transferred nothing, because it was not signed, and could not be probated. The certificate was dated almost three years after the will was drafted. Alonzo died in December, 1923, three months before Ethan's death occurred. Evidently the certificate had not been delivered to Alonzo, because defendant declares it was in Ethan's possession on March 7, 1924. If it belonged to Alonzo's estate, Ethan's delivery of it to defendant gave her no title, and she defended in her own right.

Defendant complains because the court instructed the jury she could not recover if her possession of the certificate was gained by duress or undue influence, when no evidence of duress or undue influence was introduced. In stating to the jury various theories of the case, the court included duress and undue influence. In a later instruction, No. 11, the court told the jury there was no evidence from which they could find duress or undue influence.

An incident occurred at the trial which need not be related here. As between attorneys, honors were even, the court treated the matter diplomatically, and this court is quite confident the jury determined the case upon its view of the evidence.

The district court has control over the formal records of its proceedings. Whoever may have prepared or assented to a journal

Wollard v. Home State Bank.

entry complained of, the district court declined to strike it from the files on defendant's motion, and so has approved it. What occurred at the hearing on the motion to strike is not disclosed, integrity of the verdict is not involved, and the subject is no longer of any importance.

William Harmon, a witness for the administrator, testified that he and Charley Zane found Ethan Zane in a certain condition and under certain circumstances on December 3, 1923, the day Ethan was taken to the Harmon home. The administrator did not call Charley Zane as a witness. Omission to call him did not warrant the granting of a new trial on the ground of accident and surprise which ordinary prudence could not have guarded against. The administrator was not obliged to call Charley Zane to corroborate Harmon, or for any other purpose, and if defendant believed Charley Zane would not corroborate Harmon, she should have taken steps to procure his testimony.

Harmon testified that, when he and Charley Zane discovered Ethan Zane in the forenoon of December 3, Ethan was almost frozen. At the hearing on the motion for new trial, defendant offered in evidence a certificate of the meteorologist of the United States weather bureau stating that from 1 a. m. to 7 p. m. of March 3, temperatures ranged from 37 degrees to 44 degrees Fahrenheit. The evidence was not newly discovered, in the legal sense. The weather record was a quasi-public record, known to be in existence and readily accessible at the time of the trial. Besides that, the true state of the weather in December, 1923, was not particularly pertinent to the true state of Ethan Zane's mental health in March, 1924, the issue on which defendant was defeated.

The judgment of the district court is affirmed.